**STATE of Tennessee**

**v.**

**Melisha MOORE.**

Court of Criminal Appeals of Tennessee, at Knoxville.

Oct. 30, 2007 Session.

Jan. 18, 2008.

---

Nancy Meyer, Assistant District Public Defender, Clinton, Tennessee, for the appellant, Melisha Moore.

Robert E. Cooper, Jr., Attorney General and Reporter; Rachel West Harmon, Assistant Attorney General; David Clark, District Attorney General; and Sandra Donaghy, Assistant District Attorney General, for the appellee, State of Tennessee.

DAVID H. WELLES, J., delivered the opinion of the court, in which DAVID G. HAYES and D. KELLY THOMAS, JR., JJ., joined.

## OPINION

In February 2006, the Defendant, Melisha Moore, was arrested for simple possession of a Schedule IV controlled substance. As a condition of her release on bond, she agreed to random drug testing. In May 2006, she appeared in court and, after informing the court that she could pass a drug test, the general sessions court ordered her to submit to testing. She tested positive for marijuana. Thereafter, the general sessions court found that she had violated the conditions of her bond and ordered her to serve ten days in jail. She now appeals to this Court, arguing that random drug testing was an improper bond condition and that the general sessions court erred by ordering her to serve jail time. After a review of the scant record, we conclude that the Defendant's appeal concerning the propriety of random drug testing as a bond condition is not properly before this Court. However, because the general sessions court exceeded its authority by imposing a ten-day jail sentence and violated the Defendant's due process rights, we must grant the Defendant a writ of certiorari and reverse and vacate the order sentencing her to ten days in jail.

## Factual Background

The record on appeal is sparse. According to the affidavit of complaint filed by Officer Wally Braden on February 7, 2006, the Defendant was driving "a rust-colored 1997 Nissan 200SX" in the city of Clinton when she failed to stop at a stop sign. Officer Braden stopped the vehicle. When asked if she "had anything illegal on her person," the Defendant responded negatively and, thereafter, gave her consent to search the vehicle. Officer Braden requested the Defendant to turn "her pockets inside out," and when she did so, he observed something in her hand. He asked the Defendant what the object was, and she responded that it was a "Xanax" pill. The Defendant acknowledged that she did not have a prescription for the medication and stated that it was not her pill.

Following her arrest for simple possession of a Schedule IV controlled substance, the Defendant executed an appearance bond for her release. The Defendant also signed a document titled "Additional Bond Conditions." As additional conditions of her release, the Defendant agreed to not use illegal drugs, to not associate with persons who use illegal drugs, to report to the probation office within forty-eight hours after notice for random drug testing, and to report any change in her address to the probation office. The Defendant confirmed that any failure to report could result in a violation of her bond and cause the bond to be revoked.

On May 10, 2006, following the Defendant's appearance in court, the general sessions court ordered her to serve ten days in the Anderson County Jail. Because the general sessions court is not a court of record, the record does not reflect precisely what occurred on May 10. A "Drug and Alcohol Admission Form" signed by the Defendant indicates that she admitted to using marijuana on March 25, 2006. The form also reflects that, following a drug test, the Defendant tested positive for marijuana. The Defendant's signature does not appear on the results portion of the form, but the results are witnessed by "Maura Vespie."

In a document titled "Stipulations," the parties stipulated to the following in the Criminal Court for Anderson County:

1. Judge Layton [General Sessions Court Judge] has asked the Anderson County Detention Facility to impose special bond conditions in all cases involving drug charges.

2. One of these special conditions is that the defendant will not use illegal drugs.

3. It is that court's practice to reset these cases earlier than when the State can be ready to proceed, and approximately every sixty days thereafter, for the sole purpose of administering a drug testing [sic] sua sponte.

4. Only those defendants who appear for court are ever subject[ed] to these drug tests.

5. The court's practice is to call up such case whether or not said defendant has an attorney and whether or not such attorney is at that moment available. The court then generally demands of the defendant whether he or she can pass a drug test.

6. If the defendant says he or she cannot pass a test, the court orders a 48 hour jail sentence.

7. If the defendant says he or she can pass a drug test, the court then decides whether or not to administer one.

8. If the defendant says he or she can pass but a test is given anyway and is "failed," the court sentences the defendant to serve 10 days in jail.

9. The District Attorney's Office is not involved in this procedure. They do not ask for the bond condition or for the drug test, or for any jail time.

10. Neither the defendant nor the attorney is provided with a copy of the "test."

11. These "tests" are administered by either the pretrial release officer or the Anderson County Probation Services officer; these tests are not performed by a laboratory technician or by any one with any understanding of how the tests work or the scientific basis, if any, of such tests.

We glean from the record that, upon the Defendant's appearance in court on May 10, the court asked her whether she could pass a drug test, and the Defendant responded that she could. The Defendant then failed the drug test, testing positive for marijuana, and the general sessions court ordered the Defendant to serve a "sentence" of ten days.

The Defendant then filed a notice of appeal in the general sessions court. The notice of appeal states that the Defendant is appealing the revocation of her bond and the ten-day sentence imposed, as well as whether random drug testing was a permissible condition of bond.

The Defendant subsequently petitioned for a writ of certiorari in the Anderson County Criminal Court, challenging the validity of the random drug testing as a bond condition. In support of the petition, the Defendant incorporated by reference the "Stipulations" document.

After the parties filed briefs in the criminal court, a hearing was held on December 8, 2006. At the hearing,[1] the court determined that the general sessions judge had not acted illegally or exceeded his judicial authority.[2] By order dated Janu-

---

1. A transcript of this hearing is not included in the record on appeal. However, the "Certificate of Appellate Record" reflects that a transcript of the December 8, 2006 hearing was transmitted to this Court. We will take of judicial notice of the transcript, which is included in a companion case record presently before this Court, *State v. Michael Coppock*, No. E2007–00026–CCA–R3–CD, 2008 WL 115820.

2. The transcript reflects that the matter was to be remanded to the general sessions court "for a determination of any proof that counsel deems appropriate on these issues of whether it was a contempt proceeding or whatever [the general sessions judge] was doing in this case."

ary 25, 2007, the court upheld the Defendant's sentence and dismissed the petition, concluding as follows:

1. This case is not a contempt action and is properly before the Court on the Petition for Writ of Certiorari.

2. The General Sessions Court Judge can impose conditions of bond.

3. The conditions of bond at issue in this cause were in writing and agreed to by the Defendant.

4. The General Sessions Court did not exceed its jurisdiction and did nothing illegal.

5. The General Sessions Court can impose a bond condition of random drug testing.

It is from this determination that the Defendant now appeals pursuant to Rule 3 of the Tennessee Rules of Appellate Procedure.

## ANALYSIS

On appeal, the Defendant challenges her ten-day sentence, arguing that random drug testing was an improper condition of her pretrial release and citing to *State v. Connors*, 995 S.W.2d 146, 148 (Tenn.Crim. App.1998), for the proposition that "[t]he law is clear in Tennessee that drug testing is an improper condition of bond." The State contends that the appeal should be dismissed because there is no Rule 3 appeal regarding a condition of bond.

■ We agree with the State that the imposition of a bond condition imposing random drug screens is not appealable pursuant to Rule 3. *See* Tenn. R.App. P. 3(b). Rather, Tennessee Code Annotated section 40–11–144 governs review of release decisions:

(a) The actions by a trial court from which an appeal lies to the supreme court or court of criminal appeals in granting, denying, setting or altering conditions of the defendant's release shall be reviewable in the manner provided in the Tennessee Rules of Appellate Procedure.

(b) If the action to be reviewed is that of a court from which an appeal lies to a court inferior to the supreme court or court of criminal appeals, review shall be sought in the next higher court upon writ of certiorari.

Tenn.Code Ann. § 40–11–144. Additionally, Rule 8 of the Tennessee Rules of Appellate Procedure provides, in pertinent part, as follows:

Before or after conviction the prosecution or defendant may obtain review of an order entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals granting, denying, setting or altering conditions of defendant's release. . . .

Review may be had at any time before an appeal of any conviction by filing a motion for review in the Court of Criminal Appeals or, if an appeal is pending, by filing a motion for review in the appellate court to which the appeal has been taken.

Tenn. R.App. P. 8(a). Rule 8's purpose is to ensure "the expeditious review of release orders." *Id.*, Advisory Commission Comments. Not only is Rule 8 designed to expedite review of release orders, but our supreme court has said that it also is the "only effective remedy" for "addressing unsatisfactory release orders. . . ." *State v. Melson*, 638 S.W.2d 342, 358 (Tenn.1982)

■ We conclude that the Defendant properly sought review of the general sessions court's actions, setting random drug testing as condition of bond and imposing a ten-day sentence for violating that condition, by filing a petition for a writ of certiorari in the Anderson County Criminal Court. *See* Tenn.Code Ann. § 40–11–

144(b). In our view, however, the proper method of review of the Anderson County Criminal Court's order dismissing the petition for a writ of certiorari was by filing a motion for review in this Court. *See* Tenn. R.App. P. 8. The Defendant has failed to follow the proper procedure for filing a Rule 8 appeal, and we decline to treat this appeal as such.

In rare circumstances, this Court may treat an improperly filed appeal as a petition for a writ of certiorari. *See* Tenn. Code Ann. § 27–8–101. The writ is limited to situations where an inferior tribunal has exceeded its jurisdiction or acted illegally where "no other plain, speedy or adequate remedy" is available. *Id.* We conclude that such is the case here regarding the Defendant's ten-day jail sentence.

The record does not reflect that the Defendant's bond was revoked or that the Defendant was held in criminal contempt for violating a bond condition (failing the drug test). The order of the general sessions court states only that the Defendant is to be jailed for ten days. The order does not state the reason for the sentence. We cannot conclude that the general sessions court's actions resulted from a contempt finding; moreover, the record would not support a contempt finding. *See* Tenn. Code Ann. § 29–9–102. We note that the Anderson County Criminal Court specifically determined that "[this] case is not a contempt action...." There is thus no basis in the law to support the ten-day sentence. We must conclude that the Defendant's sentence was imposed in violation of her right to due process of law. *See* U.S. Const. amend. XIV, § 1; Tenn. Const. art. I, § 8; *see also* Tenn. R.Crim. P. 42.

Because there is no "other plain, speedy, or adequate remedy," we will treat this appeal as a writ of certiorari and grant the Defendant relief from her ten-day sentence. The general sessions court's order sentencing the Defendant to ten days in jail is reversed.

## CONCLUSION

In accordance with the foregoing, the portion of the Defendant's appeal dealing with the propriety of drug testing as a condition of bond is dismissed due to her failure to comply with Rule 8 of the Tennessee Rules of Appellate Procedure. Nonetheless, we also conclude that the Defendant's ten-day sentence must be vacated because the general sessions court exceeded its jurisdiction and acted illegally. We reverse the order of the Anderson County Criminal Court with respect to this issue, and we vacate the order sentencing the Defendant to ten days incarceration. This case is remanded to the Anderson County Criminal Court for such further proceedings as may be warranted.