NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 11a0697n.06

Case No. 10-5006

UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT

**FILED**

*Sep 30, 2011*

LEONARD GREEN, Clerk

UNITED STATES OF AMERICA,          )
                                   )
          Plaintiff-Appellee,      )
                                   )          On Appeal from the United States
v.                                 )          District Court for the Eastern
                                   )          District of Tennessee
ANDRE DELANE ROSS,                 )
                                   )
          Defendant-Appellant.     )

BEFORE:     MOORE and COLE, Circuit Judges; BECKWITH, District Judge.[*]

BECKWITH, Senior District Judge.  Appellant Andre Delane Ross appeals the sentence imposed by the district court following his guilty plea to possession with intent to distribute at least five grams of cocaine base, pursuant to 21 U.S.C. §§ 841(a)(1) and (b)(1)(B).  Ross contends that the 240-month sentence imposed upon him is substantively unreasonable.  We reject his contentions and affirm the district court.

I.

The facts giving rise to this appeal are largely undisputed.  Ross was a passenger in a car that was stopped by a Chattanooga police officer.  When the officer attempted to search Ross, he ran, and the officers saw him discard two "Baggies" that were later found to contain marijuana and cocaine base, respectively.  Ross continued to resist the officer's attempts to restrain him, but he was

---

[*]The Honorable Sandra S. Beckwith, Senior United States District Judge for the Southern District of Ohio, sitting by designation.

eventually apprehended. He was later charged in a one-count indictment, and he agreed to plead guilty without benefit of a plea agreement. The pre-sentence report concluded that Ross was a career offender, based on two prior drug trafficking convictions. His criminal history score also placed him in Criminal History Category VI, irrespective of his career offender status. The offense level for the charged conduct combined with the career offender designation resulted in an advisory Guidelines offense level of 34, and a Guidelines sentencing range of 262-327 months.

Prior to sentencing, Ross lodged objections to the pre-sentence report, and he also moved for a downward departure on the basis of the powder/crack cocaine disparity. (R. 40, 41) His motion specifically admitted that the pre-sentence report accurately calculated the advisory Guidelines sentencing range, but urged the court to utilize a drug ratio which would reduce his Guidelines range to 188-235 months. He also noted that with a 1:1 powder/crack ratio and without a career offender designation, his sentencing range would be 92-115 months at offense level 23.

At the sentencing hearing on December 14, 2009, the district court reviewed Ross's objections to portions of the pre-sentence report, the second of which was formally withdrawn. Neither of the objections affected the Guidelines calculations. The court confirmed Ross's two prior predicate convictions, noting defense counsel's assertion that at the time of one of those convictions, Ross did not understand that he was pleading guilty to a charge of possession of cocaine for resale. Counsel also informed the court that the judgment of conviction was final and binding, and not subject to dispute. After confirming the parties' agreement to the pre-sentence report's calculation of the Guidelines range, the court heard from counsel about Ross's objections to the power-crack cocaine ratio and the interplay of that ratio with the career offender guideline. The Government urged the court to sentence Ross within the original Guidelines range, but the district court granted

Ross's motion, expressly stating that its decision was based upon the Section 3553(a) factors. This reduced the advisory sentencing range to 188 to 235 months. The court stated that it was not bound by that range, and that the most compelling aspect of the case was Ross's criminal history. (R. 47 at 19) After hearing arguments from counsel and Ross's own statement expressing his desire for leniency and another chance, the district court imposed a 240-month sentence.

Ross filed a timely notice of appeal. (R. 44) He argues in his brief that his sentence was substantively unreasonable, because the district court placed too much emphasis on his criminal history, and failed to specifically articulate the facts concerning that history upon which the court relied.

II.

This Court reviews the reasonableness of a defendant's sentence for abuse of discretion. *United States v. Carter*, 510 F.3d 593, 600 (6th Cir. 2007), citing *Gall v. United States*, 552 U.S. 38, 46 (2007). Reasonableness review involves both procedural and substantive components.

> Procedural unreasonableness encompasses failing to calculate (or improperly calculating) the Guidelines range, treating the Guidelines as mandatory, failing to consider the [18 U.S.C.] § 3553(a) factors, selecting a sentence based on clearly erroneous facts, or failing to adequately explain the chosen sentence – including an explanation for any deviation from the Guidelines range. ... Substantive unreasonableness focuses on the length and type of the sentence, ... and will be found when the district court selects a sentence arbitrarily, bases the sentence on impermissible factors, fails to consider relevant sentencing factors, or gives an unreasonable amount of weight to any pertinent factor... . Our overlapping description of procedural and substantive factors shows that the line between them is blurry if not porous.

*United States v. Camacho-Arellano*, 614 F.3d 244, 246-47 (6th Cir. 2010) (internal citations and quotations omitted; alteration in original). We accord due deference to the district court's decision

that a variance is justified by Section 3553(a) factors. *United States v. Smith*, 516 F.3d 473, 477 (6th Cir. 2008) (internal citation omitted).

Ross raises only a claim of substantive reasonableness. He contends that it was substantively unreasonable for the court to increase his sentence by five months based entirely on his criminal history. The pre-sentence report did not conclude that his criminal history score underrepresented the severity of his prior record, and Ross suggests that the court erred in giving improper weight to that history. He also contends that it was error for the district court to rely on his arrest record, arguing that the court made no factual findings that would permit the court to consider the arrests in fashioning a sentence. We disagree.

In discussing Ross's request to reduce the powder-crack ratio, the district court clearly stated that "quite honestly in this case what is going to drive my sentencing decision is Mr. Ross's criminal history." (R. 47 at 17) Ross was 29 years old at the time of sentencing. The pre-sentence report states that Ross had prior convictions for two predicate felonies; six drug-related misdemeanors; two assault misdemeanors (one of which included charges of evading arrest and false imprisonment of his victim); and two other misdemeanor convictions. The report notes repeated incidents of Ross's probation being revoked with regard to many of these convictions, and he was on probation at the time of the offense at issue. The pre-sentence report also listed 11 other adult arrests for various crimes, including aggravated criminal trespass, resisting arrest, and an aggravated assault charge with an allegation that Ross shot his victim. Given this background and record, the Government urged the court to sentence Ross within the original career offender guidelines range of 262-327 months.

After granting Ross's motion for a reduction based on the crack/powder disparity in the career offender context, the court asked Ross to explain why a sentence in that lower range would

serve the goals of the sentencing statute. The court noted that Ross's conduct "over a long period of time demonstrated a course of drug related and violent conduct that is shown to me at least on paper a pretty, a pretty complete disrespect for the law, for the system, and for everything else." (R. 47 at 20) The court also noted that despite the number of his prior convictions, Ross had served very little time in jail. Ross's counsel urged the court to disregard arrests and charges which had been dismissed by the state, but the court quickly responded that it was entitled to consider both dismissed and acquitted conduct in imposing a sentence. In that regard, the Government pointed out that the crucial issue in considering a defendant's history and characteristics pursuant to Section 3553(a)(1) is an evaluation of the defendant's conduct, and not whether that conduct may have resulted in criminal charges that were actually prosecuted.

After considering all of these arguments, and listening to Ross's own statement, the court sentenced Ross to 20 years, explaining: "I believe that a sentence like that is necessary to reflect the seriousness of the offense and promote some respect for the law which up to now you haven't demonstrated. I also feel that it's necessary to have that sort of sentence to send a message of deterrence to other young people who would be inclined to follow your path. And, quite honestly, Mr. Ross, I feel it's necessary to protect the public from you and people like you. I hate to say that, but that's what I think." (*Id*. at 27) The court also recommended Ross for participation in the BOP's 500-hour drug program because "narcotics has been at the root of a lot of your problems." *Id*.

The district court did not err in considering Ross's troublesome criminal history in fashioning a sentence. Ross did not object to the pre-sentence report's description of his prior convictions, save for his counsel's statement that Ross perhaps did not understand that he was pleading guilty to a trafficking offense on one occasion. He made no objection to the description of his prior arrests and

-5-

the incidents giving rise to those arrests. The pre-sentence report reveals a series of offenses involving escalating levels of violence and drug quantities. Ross's contentions of substantive error are largely based on his subjective desire for a lower sentence and for greater leniency. As the district court told Ross during the hearing, "You've had a dozen or more chances ... why should I give you another chance when you're standing here today having had so many chances that you squandered?" (R. 47 at 25)

Moreover, the district court clearly articulated the statutory factors it relied on in fashioning Ross's sentence. In addition to Ross's history and characteristics, they included the seriousness of the offense; the need to promote respect for the law, and to provide just punishment to Ross (18 U.S.C. §3553(a)(2)(A)); the need to adequately deter future criminal conduct (Section 3553(a)(2)(B)); the need to protect the public from Ross's further criminal conduct (Section 3553(a)(2)(C)); and the need to provide Ross with needed medical care and effective correctional treatment (Section 3553(a)(2)(D)). The district court is not required to "engage in a ritualistic incantation of the 3553(a) factors" when imposing a sentence; its order need only reflect the statutory considerations and permit meaningful appellate review. *United States v. Moon*, 513 F.3d 527, 539 (6th Cir. 2008) (internal citation and quotations omitted). The district court satisfied these standards, and we cannot conclude that the length of the sentence is substantively unreasonable. See *Camacho-Arellano*, 614 F.3d at 247. We have also reviewed Appellant's pro se supplemental brief, filed with leave of the Court, and find that none of his arguments presented there would lead to a different result.

We therefore conclude that Ross's sentence is not substantively unreasonable, and that the district court did not abuse its discretion in imposing a sentence of 240 months. The district court's sentence is affirmed.