IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 18, 2012 at Knoxville

## JAMES WILLIAM TAYLOR a/k/a LUTFI SHAFQ TALAL v. STATE OF TENNESSEE

**Appeal from the Circuit Court for Williamson County**
**No. 188-108     Robbie T. Beal, Judge**

---

**No. M2012-01549-CCA-R3-PC - Filed May 15, 2013**

---

The Appellant, James William Taylor, appeals the Williamson County Circuit Court's denial of his Tennessee Rule of Criminal Procedure 36 motion for correction of clerical errors on the face of his first degree murder judgment. On appeal, the Appellant argues that the trial court erred in denying his Rule 36 motion. Upon review, we reverse the Appellant's first degree murder judgment in case number 188-108 and remand the case to the Williamson County Circuit Court for entry of a corrected judgment showing that the Appellant was convicted of first degree murder and his conviction offense was a Class X felony pursuant to Tennessee Code Annotated section 39-2-202 (Supp. 1987), that he was sentenced to a life sentence with release eligibility on that life sentence after service of thirty years pursuant to Tennessee Code Annotated section 40-35-501(f) (Supp. 1987), and that the trial court imposed consecutive sentencing for the first degree murder, burglary, and robbery convictions.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Reversed and Remanded for Entry of a Corrected Judgment**

CAMILLE R. MCMULLEN, J., delivered the opinion of the court, in which JOSEPH M. TIPTON, P.J. and JAMES CURWOOD WITT, JR., J., joined.

James William Taylor, Only, Tennessee, Pro Se.

Robert E. Cooper, Jr., Attorney General and Reporter; John H. Bledsoe, Senior Counsel; Kim R. Helper, District Attorney General; and Mary Katharine White, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**Background.** In August 1988, a Williamson County Circuit Court jury convicted the Appellant of first degree murder, second degree burglary, and robbery. The Appellant was sentenced to consecutive sentences of life imprisonment, and fifteen years for each of the burglary and robbery convictions, for an effective sentence of life imprisonment plus thirty years. The Appellant's convictions and sentences were affirmed on direct appeal. State v. James Taylor, No. 89-93-III, 1990 WL 50751, at *1 (Tenn. Crim. App., at Nashville, Apr. 25, 1990), perm. app. denied (Tenn. Oct. 8, 1990). This court summarized the facts of the Appellant's case in its opinion:

> The state's proof showed that Taylor broke into the Franklin home of 89-year-old Frances Schmidt during the night, after unscrewing the light bulb from an outdoor light fixture and cutting the telephone lines leading into her apartment. Taylor either suffocated the victim, or attempted to suffocate her, causing her heart to fail. He took several of Frances Schmidt's rings from her apartment and sold two of them to a man named Charles Alexander. Taylor made vague statements to others about having made "a hit" and having killed someone. He was also overheard to have said that he "didn't mean to hurt the bitch but she wouldn't shut up."
>
> Taylor presented an alibi defense, which was rejected by the jury.

Id.

In 1991, the Appellant filed a pro se petition for post-conviction relief, alleging that he received ineffective assistance of counsel and that the State withheld exculpatory evidence. James William Taylor v. State, No. 01C01-9809-CC-00384, 2000 WL 641148, at *1 (Tenn. Crim. App. May 19, 2000), perm. app. denied (Tenn. Sept. 25, 2000). The post-conviction court, after appointing counsel and conducting an evidentiary hearing, denied relief. Id. This court affirmed the denial, and the Tennessee Supreme Court denied the Appellant's application for permission to appeal. Id.

The Appellant then filed his first pro se petition for writ of habeas corpus in the Lauderdale County Circuit Court. James W. Taylor aka Lutfi S. Talal v. Wayne Brandon, Warden, No. M2003-02235-CCA-R3-HC, 2004 WL 2984842, at *1 (Tenn. Crim. App. Dec. 14, 2004), perm. app. denied (Tenn. Mar. 21, 2005). On August 26, 2002, the habeas corpus court summarily dismissed the petition on the basis that the trial court had jurisdiction, that the indictment was not defective, that the conviction was not void, that the Appellant's sentence had not expired, that no grounds alleged in the petition entitled the Appellant to a hearing, and that the Appellant may have previously raised these issues in federal court. Id. at *1-2.

In 2003, the Appellant filed a second pro se petition for habeas corpus relief in the Hickman County Circuit Court, alleging that the trial court was deprived of jurisdiction because his presentments were fatally defective, that the trial court violated his constitutional rights, that the trial court erred by imposing consecutive sentencing, that the trial court erred by finding that the Appellant was a Range II offender, that the trial court erred by approving an illegal judgment of conviction, and that the habeas corpus court erred by denying the Petitioner the right to respond to the State. Id. at *2. The State filed a motion to dismiss on the basis that the Appellant had failed to state a colorable claim, which was granted by the habeas corpus court. Id. This court affirmed the dismissal, and the Appellant's application for permission to appeal was denied by the Tennessee Supreme Court. Id. at *1.

In 2005, the Appellant filed another pro se petition for writ of habeas corpus in the Hickman County Circuit Court, alleging that his sentence was improper, that the trial court lacked authority to determine his release eligibility, and that the trial court failed to enter a judgment regarding his first degree murder conviction. Lufti Shafq Talal a/k/a James William Taylor v. State, No. M2005-02964-CCA-R3-HC, 2006 WL 1447377, at *2 (Tenn. Crim. App. May 23, 2006), perm. app. granted (Tenn. Nov. 13, 2006). He later filed an amended petition alleging that the trial court lacked jurisdiction to sentence him to two separate sentences for the same offense. Id. The State filed a motion to dismiss the petition for Appellant's failure to satisfy the procedural requirements of Tennessee Code Annotated section 29-21-107 and for failing to state a colorable claim, and the habeas corpus court granted this motion. Id. This court affirmed the dismissal by memorandum opinion; however, the Tennessee Supreme Court granted the Appellant's application for permission to appeal. Id. at *1.

The Tennessee Supreme Court subsequently entered an order stating the following:

> After reviewing the merits of the [Appellant's] Rule 11 Application, the Court finds that none of the issues merit review save one: the apparent failure of the trial court to enter a judgment order in Count Three of Williamson County case number 188-108 (first-degree murder). This technical failure, while not a basis for habeas corpus relief, does merit some action on the part of this Court. Accordingly, the [Appellant's] Rule 11 Application is GRANTED for the sole purpose of remedying this technical error. The case is summarily REMANDED to the Williamson County Circuit Court for entry of a proper judgment order.

Lufti Shafq Talal a/k/a James William Taylor v. State, No. M2005-02964-SC-R11-HC (Tenn. Nov. 13, 2006). On remand, the Williamson County Circuit Court entered a judgment

of conviction for first degree murder showing that the Appellant received a sentence of life imprisonment.

In 2007, the Appellant filed another petition for writ of habeas corpus in the Hickman County Circuit Court, alleging that because of the absence of a judgment for his first degree murder conviction, he was being held in violation of his Fifth and Fourteenth Amendment rights, his sentences for burglary and robbery could not be ordered to be served consecutively to the first degree murder sentence, and that the Tennessee Court of Criminal Appeals, the Tennessee Supreme Court, the Federal District Court for Middle Tennessee, and the Federal Sixth Circuit Court of Appeals lacked jurisdiction or authority to review his previous appeals. James William Taylor a/k/a Lutfi Shafq Talal v. State, No. M2007-01405-CCA-R3-HC, 2008 WL 1699443, at *3 (Tenn. Crim. App. Apr. 11, 2008), perm. app. denied (Tenn. Aug. 25, 2008). In response, the State filed a motion to dismiss the petition, and the habeas corpus court granted the State's motion and summarily dismissed the petition. Id. This court affirmed the dismissal, and the Tennessee Supreme Court denied the Appellant's application for permission to appeal. Id. at *1.

On May 11, 2009, the Appellant filed a "Motion Nunc Pro Tunc" in the Williamson County Circuit Court, asking the trial court to rule on his 1988 motion to consolidate offenses, which he filed prior to his jury trial. James William Taylor, a.k.a. Lutfi Shafq Talal v. State, No. M2009-02170-CCA-R3-CO, 2010 WL 5343315, at *2 (Tenn. Crim. App. Dec. 20, 2010). The trial court denied the motion, and this court dismissed the Appellant's appeal, concluding that the Appellant did not have an appeal as of right from the trial court's denial of his motion.

On October 20, 2011, the Appellant filed a "Motion Nunc Pro Tunc/Ex Post Facto Laws" pursuant to Tennessee Rule of Criminal Procedure 36, in which he requested a correction of clerical errors on the face of his first degree murder judgment of conviction entered on February 1, 2007, pursuant to the Tennessee Supreme Court's remand. In this motion, the Appellant argued that his judgment was incorrect because it was entered pursuant to Tennessee Code Annotated sections 39-13-202 (Supp. 1989) and 40-35-501(g) (Supp. 1989), despite the fact that the offense occurred in November 1987. He argued that if he had properly been sentenced under code section 40-35-501(f) (1986), he would have been eligible for parole after serving thirty years and that because he was sentenced under the 1989 sentencing act, he would not be eligible for parole until he served sixty percent of sixty years, or thirty-six years, which is significantly greater than the sentence he would have received under the sentencing act in effect at the time of the offense. In addition, the Appellant argued that the entry of the first degree murder judgment of conviction pursuant to Tennessee Code Annotated sections 39-13-202 (Supp. 1989) and 40-35-501(g) (Supp. 1989) violated the

constitutional prohibitions against ex post facto laws in the Tennessee Constitution and the United States Constitution.

After filing the "Motion Nunc Pro Tunc/Ex Post Facto Laws," the Appellant filed motions on December 14, 2011, and February 8, 2012, inquiring as to the status of his case. On March 12, 2012, the State was asked to file a response to the Appellant's "Motion Nunc Pro Tunc." On May 11, 2012, the State filed a response opposing the Appellant's motion, wherein it asserted that the Appellant had been properly sentenced to life imprisonment and that the Appellant's concerns regarding his release eligibility date were administrative matters for the Tennessee Board of Probation and Parole. The Appellant filed a response on May 18, 2012. On June 14, 2012, the trial court entered an order denying the Appellant's motion for correction of clerical errors. On July 2, 2012, the Appellant filed a timely notice of appeal.

## ANALYSIS

On appeal, the Appellant argues that the trial court erred in denying his Rule 36 motion to correct the clerical errors on the face of his first degree murder conviction. Specifically, he contends that the notations of Class A felony and the listing of code section 39-13-202 as the conviction offense on his judgment for first degree murder show that he was improperly sentenced under the 1989 first degree murder statute and sentencing act, even though his offense occurred in November 1987. The Appellant asserts that if the trial court had properly sentenced him under code section 40-35-501(f) (1986), he would have been eligible for parole after serving thirty years, which he claims could have been reduced to 19.6 years with credits. He asserts that pursuant to the first degree murder judgment entered on remand, he will not be eligible for parole until he has served sixty percent of sixty years, or thirty-six years, which is significantly greater than the sentence he would have received under the statute in effect at the time of the offense. He also contends that the improper sentence under the 1989 first degree murder statute and sentencing act violates the constitutional prohibitions against ex post facto laws.

In response, the State first argues that the appeal should be dismissed because the Appellant does not have an appeal as of right from the denial of a motion to correct a judgment under Tennessee Rule of Criminal Procedure 36. The State asserts that although the Appellant has an appeal as of right from the entry of the corrected judgment, he does not have an appeal as of right from the denial of a Rule 36 motion. Alternatively, the State argues that if this court concludes that the Appellant does have an appeal of right from a denial of a Rule 36 motion, this court should affirm the trial court's order denying the motion because the Appellant is not entitled to relief. The State claims that following the Tennessee Supreme Court's remand, the convicting court entered a proper judgment that correctly

-5-

reflected the Appellant's first degree murder conviction, the resulting life sentence, and the imposition of consecutive sentencing. The State contends that despite the Appellant's arguments to the contrary, nothing needs to be done to "correct" the judgment in this case.

We conclude that the Appellant's first degree murder judgment of conviction is incorrect, and the errors are of a substantive, rather than clerical, nature. Our review of the judgment shows that although the Appellant was convicted of Tennessee Code Annotated section 39-2-202 (Supp. 1987), which was in effect at the time of the offense, the judgment of conviction shows that he was convicted of Tennessee Code Annotated section 39-13-202 (Supp. 1989), which did not become effective until November 1, 1989. In addition, the judgment shows that Appellant's conviction offense was a Class A felony, when in fact first degree murder was a Class X felony at the time of the offense in this case. See T.C.A. § 39-2-202(c) (Supp. 1987). Finally, we note that the Appellant's conviction for first degree murder should have resulted in a life sentence with release eligibility on that life sentence after service of thirty years pursuant to Tennessee Code Annotated section 40-35-501(f) (Supp. 1987), rather than a sentence of sixty years with a release eligibility of sixty percent, or thirty six years, under Tennessee Code Annotated section 40-35-501(g) (Supp. 1989), which also did not become effective until November 1, 1989. The Appellant's judgment of conviction shows only that he received a life sentence but does not provide any details as to the length of time he would have to serve prior to becoming eligible for parole.

Tennessee Rule of Criminal Procedure 36 in effect at the time the Appellant filed his notice of appeal states the following:

> After giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission. Upon filing of the corrected judgment or order, the defendant or the state may initiate an appeal as of right pursuant to Rule 3, Tennessee Rules of Appellate Procedure.

Tenn. R. Crim. P. 36 (effective July 1, 2012) (emphasis added). The 2012 Advisory Commission Comments state that "Tenn. R. Crim. P. 36 is amended to provide for an appeal as of right from the trial court's filing of a corrected judgment or order. A corresponding amendment to Tenn. R. App. P. 3 is also adopted." Tenn. R. Crim. P. 36, 2012 Advisory Comm'n Comments.

In addition, Tennessee Rule of Appellate Procedure 3(b) in effect at the time that the Appellant filed his notice of appeal states the following:

Availability of Appeal as of Right by Defendant in Criminal Actions. – In criminal actions an appeal as of right by a defendant lies from any judgment of conviction entered by a trial court from which an appeal lies to the Supreme Court or Court of Criminal Appeals: (1) on a plea of not guilty; and (2) on a plea of guilty or nolo contendere, if the defendant entered into a plea agreement but explicitly reserved the right to appeal a certified question of law dispositive of the case pursuant to and in compliance with the requirements of Rule 37(b)(2)(A) or (D) of the Tennessee Rules of Criminal Procedure, or if the defendant seeks review of the sentence and there was no plea agreement concerning the sentence, or if the issues presented for review were not waived as a matter of law by the plea of guilty or nolo contendere and if such issues are apparent from the record of the proceedings already had. The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36, Tennessee Rules of Criminal Procedure, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding.

Tenn. R. App. P. 3(b) (effective July 1, 2012) (emphasis added). The 2012 Advisory Commission Comments to Rule 3(b) clearly state, "Rule 3(b) and (c) are amended to provide for an appeal as of right from the trial court's filing of a corrected judgment or order pursuant to Tenn. R. Crim. P. 36." Significantly, the Comments mention no appeal as of right from the trial court's denial of a Rule 36 motion.

However, we note the adoption of Tennessee Rule of Criminal Procedure 36.1 and the amendment of Tennessee Rule of Appellate Procedure 3, which will become effective July 1, 2013. The amended Rule 3(b) states, in pertinent part: "The defendant may also appeal as of right from an order denying or revoking probation, an order or judgment entered pursuant to Rule 36 or Rule 36.1, Tennessee Rules of Criminal Procedure, and from a final judgment in a criminal contempt, habeas corpus, extradition, or post-conviction proceeding, and from a final order on a request for expunction." The 2013 Advisory Commission Comments regarding the amended Rule 3 specifically mention the defendant's appeal as of right from a trial court's ruling on a Rule 36.1 motion to correct an illegal sentence:

Tenn. R. Crim. P. 36.1 was adopted in 2013 to provide a mechanism for the defendant or the State to seek to correct an illegal sentence. With the adoption of that rule, this rule (Tenn. R. App. P. 3) was amended to provide for an appeal as of right, by either the defendant (see paragraph 3(b)) or the State (see paragraph 3(c)), from the trial court's ruling on a motion filed under Tenn. R. Crim. P. 36.1 to correct an illegal sentence.

Tenn. R. App. P. 3, 2013 Advisory Comm'n Comments. While we acknowledge that, effective July 1, 2013, Rule 3(b) will provide for an appeal as of right by the defendant or the State from a trial court's ruling on a motion filed under Tennessee Rule of Criminal Procedure 36.1 to correct an illegal sentence, neither the amended Rule 3(b) nor the adopted Rule 36.1 are currently in effect. See Tenn. R. App. P. 3, 2013 Advisory Comm'n Comments. Moreover, the Appellant in this case filed a Rule 36 motion, which although mentioned in the amended Rule 3(b), is not specifically mentioned in the 2013 Advisory Commission Comments. Furthermore, this court has repeatedly held that Tennessee Rule of Appellate Procedure 3(b) provides no appeal as of right from the denial of a Rule 36 motion. See State v. Travis Davison, No. W2011-02167-CCA-R3-CO, 2012 WL 5868928, at *2 (Tenn. Crim. App. Nov. 20, 2012); Jonathan Malcolm Malone, No. M2004-02826-CCA-R3-CO, 2005 WL 1330792, at *2 (Tenn. Crim. App. June 6, 2005); State v. Timmy Herndon, No. W2001-02981-CCA-R3-CD, 2003 WL 21339297, at *2 (Tenn. Crim. App. May 2, 2003).

However, in rare cases, this court may treat an improperly filed appeal as a petition for writ of certiorari. State v. Moore, 262 S.W.3d 767, 772 (Tenn. Crim. App. 2008) (citing T.C.A. § 27-8-101). Although a writ does not typically allow inquiry into the correctness of a judgment of a court with jurisdiction, "an appellate court is within its province to grant a writ of certiorari '[w]here the action of the trial court is without legal authority.'" State v. Adler, 92 S.W.3d 397, 401 (Tenn. 2002) (quoting State v. Johnson, 569 S.W.2d 808, 815 (Tenn. 1978)), superseded by statute as stated in State v. L.W., 350 S.W.3d 911, 915 (Tenn. 2011). Tennessee Code Annotated section 27-8-101, which codifies the common law writ of certiorari, provides:

> The writ of certiorari may be granted whenever authorized by law, and also in all cases where an inferior tribunal, board, or officer exercising judicial functions has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy. This section does not apply to actions governed by the Tennessee Rules of Appellate Procedure.

T.C.A. § 27-8-101. Upon review, we conclude that the trial court acted without legal authority in entering the first degree murder judgment of conviction and that "there is no other plain, speedy, or adequate remedy." Id. Consequently, this court "will treat [the Appellant's] appeal as that of a writ of certiorari." Adler, 92 S.W.3d at 401. As we previously concluded, the Appellant's judgment of conviction contains several substantive errors that must be corrected on remand. Accordingly, we reverse the Appellant's first degree murder judgment of conviction and remand the case to the Williamson County Circuit Court for entry of a corrected judgment showing that the Appellant was convicted of first

degree murder and his conviction offense was a Class X felony pursuant to Tennessee Code Annotated section 39-2-202 (Supp. 1987), that he was sentenced to a life sentence with release eligibility on that life sentence after service of thirty years pursuant to Tennessee Code Annotated section 40-35-501(f) (Supp. 1987), and that the trial court imposed consecutive sentencing for the first degree murder, burglary, and robbery convictions. In order to ensure a proper correction of the judgment on remand, we urge the Williamson County Circuit Court to use a version of the judgment form that was typically used at the time of the Appellant's 1987 offense.

## CONCLUSION

The first degree murder judgment of conviction is reversed, and the case is remanded for entry of a corrected judgment as outlined in this opinion.

_____
CAMILLE R. McMULLEN, JUDGE