IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT KNOXVILLE
Assigned on Briefs September 15, 2015

**STATE OF TENNESSEE v. ANDRE DE'LANE ROSS**

**Appeal from the Criminal Court for Hamilton County**
**No. 251011     Don W. Poole, Judge**

**No. E2014-02563-CCA-R3-CD – Filed November 24, 2015**

The Appellant, Andre De'Lane Ross, appeals from the Hamilton County Criminal Court's denial of his Tennessee Rule of Criminal Procedure 36 motion for correction of a clerical error on the face of his possession of cocaine judgment. In this appeal, the Appellant submits that the trial court erred in denying his motion because, at the guilty plea hearing, the court found that his plea to this charge lacked a sufficient factual basis but a guilty judgment was, thereafter, erroneously entered. Based on our review, we dismiss the appeal.

**Tenn. R. App. P. 3 Appeal as of Right; Appeal Dismissed**

D. KELLY THOMAS, JR., J., delivered the opinion of the court, in which NORMA MCGEE OGLE and ALAN E. GLENN, JJ., joined.

Andre De'Lane Ross, Adelanto, California, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; and M. Todd Ridley, Assistant Attorney General, for the appellee, State of Tennessee.

**OPINION**
FACTUAL BACKGROUND

On September 15, 2004, a Hamilton County grand jury indicted the Appellant in Case Number 251011 for possession of .5 grams or more of cocaine with the intent to sell or deliver (Count One), a Class B felony, and introduction of contraband into a penal institution (Count Two), a Class C felony. See Tenn. Code Ann. §§ 39-16-201, -17-417. The Appellant pled guilty on January 26, 2005, to possession of less than .5 grams of cocaine with the intent to sell or deliver, a Class C felony, and introduction of contraband into a penal institution. Pursuant to the terms of the plea agreement, the Appellant

received concurrent terms of four years and three years, respectively, and that effective four-year sentence was to be served on "intensive probation" and consecutively to a prior, suspended four-year sentence in Case Number 248505.[1] His probation in Case Number 248505 was revoked by agreement, and his manner of service was "stepped up to intensive probation" upon recommendation of his probation officer. Accordingly, the Appellant was agreeing to a cumulative sentence of eight years of supervised probation for both cases.

The guilty plea transcript is a part of the record on appeal. At the outset of the hearing, defense counsel stated that "the delay" in the proceedings was "largely" due to the fact that the Appellant had requested another attorney from the beginning of her representation of him and that she had, therefore, "taken some time" to "make sure that [the Appellant] underst[ood] the full range of what he [was] doing" by pleading guilty. Defense counsel then indicated that she believed that the Appellant was "ready to enter a plea."

The State outlined the terms of the plea agreement and provided the following factual bases for the Appellant's pleas:

> I believe he will stipulate to a factual basis, but police officer Adam Emory responded to a dispatch call to a black male selling narcotics in the 1700 block of Wilson Street. When the police arrived at Wilson Street, they observed [the Appellant] who was walking back and forth from his house to the porch. Subsequent to that the police officer stopped [the Appellant] and an amount of cocaine was found on his front porch and then once he was arrested, there was cocaine found in his anal cavity.

The trial court thereafter reviewed with the Appellant the various rights he was waiving, and the Appellant indicated his understanding and his desire to plead guilty. During this discussion, the Appellant affirmed that, by his pleas of guilty, he was "stipulating" there were factual bases for the convictions.

At the conclusion of the plea colloquy, when the Appellant was asked if he was entering his "plea of [his] own free will," he stated that defense counsel was "okay" but that he wanted to hire an attorney to "fight the case." The trial court informed the Appellant that he was "not taking anything" and had the right to hire an attorney if he so required. Defense counsel then indicated that it might be appropriate for her to withdraw from representing the Appellant: "I am concerned that he wants out of jail just not to go

---

[1] In outlining the procedural history of these two cases, the trial court noted that, on April 5, 2004, the Appellant pled guilty in Case Number 248505 to "possession of cocaine for resale" and was sentenced to four years on probation.

to jail today so badly that he is not comprehending. He has asked several times for another attorney and I think I have a duty to withdraw. I don't want to do anything to hurt him." The trial court then set aside the guilty plea and scheduled a probation revocation hearing on Case Number 248505 for later that afternoon. The court recessed until 1:30 p.m.

When court reconvened, the Appellant and his attorney returned to court. The prosecutor announced that, "after [a] lengthy discussion with counsel," the Appellant was ready to accept the earlier plea agreement and plead guilty. Defense counsel stated that she was "prepared to withdraw [her] motion to withdraw" and affirmed her belief that the Appellant understood that "he [was] looking at eight years in prison" if he violated the terms of his probation. After again reviewing the various rights with the Appellant that he was waiving, and the Appellant evidencing his understanding of the consequences of pleading guilty, the trial court accepted the Appellant's guilty pleas.

The record reflects that, on February 6, 2008, the Appellant's probation in Case Number 251011 was revoked, and he was ordered to serve the "balance" of his sentence in the Community Corrections Program. He was also given credit for time served.

Thereafter, in 2012, the Appellant filed a "Motion to Correct Clerical Error"; a "Petition for Writ of Habeas Corpus *ad testificandum* and Motion to Appear"; and a "Motion to Dismiss" Count One of the indictment in Case Number 251011, possession of cocaine with the intent to sell or deliver. Quoting from the August 6, 2012 order of the trial court, the trial court understood the Appellant's allegations from these collective documents, along with "several letters from the [Appellant,]" which do not appear in the appellate record, to be as follows:

(1) that his original counsel . . . no longer practices law in this area and he cannot locate her;

(2) that the conviction on the first count is a clerical error, the Honourable [sic] Jon Kerry Blackwood, sitting by designation, having found an insufficient factual basis for the conviction on that count; and

(3) that he is or was subject to the enhancement of a federal sentence on the basis of the erroneous conviction.

The trial court noted that the Appellant appeared to be, at that time, an inmate in a federal prison in California.

The trial court also stated that, in addition to the February 2008 revocation proceeding, a second revocation proceeding was dismissed on January 7, 2010, "the

[Appellant] having received a twenty-year federal sentence, and the judgments were amended 'to remove from probation/comm[unity] corr[ections].'" See United States v. Ross, 434 Fed. Appx. 536 (6th Cir. 2011) (discussing the Appellant's federal conviction and sentence). The January 7, 2010 amended judgments reflected two four-year sentences for these convictions, according to the trial court.[2]

The trial court, treating "the subject motions as a single collective motion to correct a clerical error in the judgment on the first count to reflect the dismissal of that count[,]" ruled as follows:

> The recording of the pleas, however, reflects that, on the day of the pleas, after advising the [Appellant] of his rights, hearing and addressing his concerns, adjourning to give him additional time to consult with counsel about his pleas, and again advising him of his rights, Judge Blackwood did finally accept guilty pleas on both counts to possession of cocaine for resale and introduction of contraband into a penal institution, respectively. Thus, the conviction on the first count is not a clerical error in the judgment.

The trial court continued, making the following observation:

> [T]o any extent that the subject motion alleges that there was no factual basis for conviction on the first count, it does not state a claim for the writ of habeas corpus. See [Eric L.] Anderson v. [Howard] C[arl]ton[, Warden, No. E2008-00096-CCA-R3-HC, 2008 WL 4367532, at *1-2 (upholding the summary dismissal of an application for the writ of habeas corpus challenging, among other things, the sufficiency of the factual basis for a guilty plea on the ground that the petition did not state a cognizable claim).

Sua sponte, the trial court ordered correction of the January 7, 2010 amended judgment on Count Two, introduction of contraband into a penal institution, to reflect the proper sentence of three years, not four years. That concluded the trial court's findings.

In a document titled "Petition for Extension to Appeal" filed with the trial court clerk on August 20, 2012, the Appellant requested an extension of time to appeal the trial court's order. No reason why an extension was necessary was given, and it does not appear from the record that the Appellant ever filed any appeal to this court from that order.

The Appellant next wrote a letter filed March 3, 2013, making similar allegations regarding Count One and requesting "recordings from the Hamilton County Court

_____

[2] These January 7, 2010 amended judgments do not appear in the appellate record.

Records." The trial court issued an order on March 28, 2013, treating the letter as a motion for a copy of the court recording and as a second motion to correct the alleged clerical error. The trial court denied the Appellant relief because the "present motions" had previously been ruled upon, but it ordered the trial court clerk to forward to the Appellant "copies of his plea agreement and judgments in this case."

The Appellant then wrote a third letter to the trial court clerk, which was filed on November 17, 2014. The Appellant stated that he was "asking for . . . help to investigate an irregularity within the sentencing transcript in the charge possession of crack cocaine (#251011)." While he acknowledged that he signed the plea petition, the Appellant further contended,

> The transcript does not have none [sic] of the questions that, Judge Blackwood, asked on my behalf pertaining to where the drugs were found, where was I when the officer arrived, and how much drugs were found. The Honorable Judge Blackwood, did ask the prosecutor these question[s] an[d] they are not in the transcripts.

He again asserted that Judge Blackwood found him not guilty of the cocaine possession charge "for lack of evidence[,]" despite the fact that he had signed the plea petition during the recess in the proceedings.

Although the trial court noted that the "subject letter [was] the [Appellant's] third request for correction of the same judgment on the same grounds[,]" the trial court went on to again address the merits of the Appellant's claim by entry of an order dated November 21, 2014. The court first restated its findings from the August 6, 2012 order that addressed the motion to correct a clerical error in the cocaine possession judgment and any possibility of habeas corpus relief. The court next treated the letter as a petition for post-conviction relief, noting that "any insufficiency in the factual basis for a guilty plea [was] not a ground [by itself] for post-conviction relief[.]" The trial court also determined that any other claims such as ineffective assistance of counsel or the voluntary nature of the guilty pleas were barred by the one-year statute of limitations for post-conviction relief and that due process did not necessitate tolling. The trial court instructed the Appellant that he had thirty days to appeal, and the Appellant filed an appeal on December 18, 2014.

## ANALYSIS

It is from this ruling that the Appellant now appeals, contending that the trial court erred in denying his "claims to correct an illegal sentence in the trial court's documents"

regarding his cocaine possession conviction in Case Number 251011.[3]  Specifically, he argues that "[t]he trial court judge f[ound] [him] not guilty of possession of cocaine after the 1:30 p.m. recess, for lack of evidence[,]" and the transcript does not include questions asked by the trial judge "to the district attorney on behalf of the [Appellant's] arrest and the factual basi[s] to the charge."  According to the Appellant, a review of the "oral/digital recording" from the January 26, 2005 would reflect these omissions.[4]

The trial court treated the Appellant's November 17, 2014 letter as a "motion to correct a clerical error in the judgment on the first count to reflect the dismissal of that count[.]"  On appeal, the Appellant cites to both Rule 36 and Rule 36.1 of the Tennessee Rules of Criminal Procedure in support of his argument that the trial court erred.[5]  In order to properly dispose of this appeal, we must determine whether the trial court properly classified the Appellant's allegations as a motion to correct a clerical error.

Some errors arise simply from a clerical mistake in filling out the uniform judgment document.  See Cantrell v. Easterling, 346 S.W.3d 445, 449 (Tenn. 2011).  As to these types of errors, Tennessee Rule of Criminal Procedure 36 provides that, "[a]fter giving any notice it considers appropriate, the court may at any time correct clerical mistakes in judgments, orders, or other parts of the record, and errors in the record arising from oversight or omission."  In considering whether there has been a clerical error, this court has made the following observations,

---

[3] The Appellant, for the first time on appeal, argues that the trial court was without jurisdiction to correct the January 7, 2010 amended judgment on Count Two to reflect the proper sentence of three years. Neither the January 7, 2010 amended judgment form nor the corrected form appear in the record on appeal.  However, any notation that the sentence for the Appellant's conviction for introduction of contraband into a penal institution was four years, rather than three years, was subject to correction pursuant Tennessee Rule of Criminal Procedure 36 "at any time[.]"

[4] This court has previously denied the Appellant's motion to compel production of "the oral/digital recording" based upon the fact that "[t]he trial clerk transmitted the certified and authenticated transcript as a supplement to the appellate record on April 2, 2015."  The Appellant also states that he was not provided with "a copy of the certified and authenticated transcript[.]"  However, this court directed the record be properly supplemented, in compliance with Tennessee Rule of Appellate Procedure 24(a), after receiving "from the pro se [A]ppellant a purported copy of a transcript of the January 26, 2005 guilty plea submission hearing in this case."  We note that the certified and authenticated transcript ultimately received from the trial court clerk and the copy initially provided by the Appellant are exactly the same.

[5] We feel constrained to note that, while the Appellant's issues were first adjudicated by the trial court in 2012, nothing in Rule 36 or 36.1 of the Tennessee Rules of Criminal Procedure precludes the filing of subsequent motions for relief, allowing an appellant to correct any deficiencies in his pleadings and begin the process anew.  Therefore, we will address the Appellant's case on the merits.

When changes are made for illegal sentences, the judgment must show on its face the sentence is illegal. In making changes for clerical error, the record in the case must show that the judgment entered omitted a portion of the judgment of the court or that the judgment was erroneously entered. The most reliable indicator that clerical error was made is the transcript of the hearing or other papers filed in connection with the proceedings which show the judgment was not correctly entered. In the absence of these supporting facts, a judgment may not be amended under the clerical error rule after it has become final.

State v. Jack Lee Thomas, Jr., No. 03C01-9504-CR-00109, 1995 WL 676396, at *1 (Tenn. Crim. App. Nov. 15, 1995) (emphasis added); see also Adrian Wilkerson v. Howard Carlton, Warden, No. E2007-02453-CCA-R3-HC, 2008 WL 4949227, at *5 (Tenn. Crim. App. Nov. 20, 2008) (internal citation omitted).

Claims of illegal sentences cannot be challenged through Rule 36 motions to correct clerical errors but must be challenged through either Rule 36.1 of the Tennessee Rules of Criminal Procedure or habeas corpus proceedings. See George William Brady v. State, No. E2013-00792-CCA-R3-PC, 2013 WL 6729908, at *5 (Tenn. Crim. App. Dec. 19, 2013) (citations omitted), perm. app. denied (Tenn. May 28, 2014). An illegal sentence is one which is "in direct contravention of the express provisions of [an applicable statute], and consequently [is] a nullity." State v. Burkhart, 566 S.W.2d 871, 873 (Tenn. 1978). Also included within the rubric of "illegal sentences" are those sentences which are not authorized under the applicable statutory scheme. Cantrell v. Easterling, 346 S.W.3d at 452 (citing State v. Davis, 313 S.W.3d 751, 759 (Tenn. 2010)). Examples of illegal sentences include

(1) a sentence imposed pursuant to an inapplicable statutory scheme; (2) a sentence designating a [release eligibility date] where . . . specifically prohibited by statute; (3) a sentence ordered to be served concurrently where statutorily required to be served consecutively; and (4) a sentence not authorized for the offense by any statute.

Id. at 452-53 (citing Davis, 313 S.W.3d at 759) (additional citations omitted). Moreover, for purposes of Rule 36.1, "an illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute."

A trial court must confirm that there is a factual basis for the plea. Tenn. R. Crim. P. 11(b)(3). Typically, any argument in this respect is that the factual basis provided was insufficient to support the plea, see Stephanie D. Cooley v. State, No. M2013-00205-CCA-R3-HC, 2013 WL 5975135, at *4 (Tenn. Crim. App. Nov. 8, 2013), perm. app. denied (Tenn. Apr. 10, 2014), or that the trial court failed to make the required finding of

a factual basis, see Roger Steve Yant v. State, No. M2007-01936-CCA-R3-PC, 2008 WL 5330459, at *8 (Tenn. Crim. App. Dec. 22, 2008). The Appellant's novel argument is that the trial court did, in fact, determine that there was no factual basis to support his plea for cocaine possession and entered a judgment of not guilty on that count, although such is not reflected in the transcript, and that, therefore, a guilty judgment for that offense was later entered erroneously. He makes no argument that the four-year sentence imposed for the offense was incorrect in any way; rather, he is challenging the validity of the underlying conviction, which we do not believe Rule 36.1 was designed to remedy. See Tenn. R. Crim. P. 36.1(c)(3) (providing a defendant the opportunity to withdraw a guilty plea when an illegal sentence was entered pursuant to a plea agreement and the illegality was a material component of the agreement.) In accordance with the law cited above, we conclude that, in the context of Rule 36 or 36.1, the trial court properly classified the Appellant's argument as seeking correction of a clerical error rather that as one challenging an illegal sentence.

The trial court reviewed the Appellant's motion on the merits and simply concluded that no clerical error existed on the face of the judgment for possession of less than .5 grams of cocaine with the intent to sell or deliver. This court has repeatedly held that Tennessee Rule of Appellate Procedure 3(b) provides no appeal as of right from the denial of a Rule 36 motion, and this court lacks jurisdiction to entertain such an appeal. See State v. Travis Davison, No. W2011-02167-CCA-R3-CO, 2012 WL 5868928, at *2 (Tenn. Crim. App. Nov. 20, 2012); Jonathan Malcolm Malone v. State, No. M2004-02826-CCA-R3-CO, 2005 WL 1330792, at *2 (Tenn. Crim. App. June 6, 2005); State v. Timmy Herndon, No. W2001-02981-CCA-R3-CD, 2003 WL 21339297, at *2 (Tenn. Crim. App. May 2, 2003). This outcome is not changed by any of the recent amendments to Rules 36 and 3(b). See James William Taylor a/k/a Lutfi Shafq Talal v. State, No. M2012-01549-CCA-R3-PC, 2013 WL 2145776, at *5-6 (Tenn. Crim. App. May 15, 2013), reh'g denied (Sept. 23, 2013).

In rare cases, this court may treat an improperly filed appeal as a petition for writ of certiorari. State v. Moore, 262 S.W.3d 767, 772 (Tenn. Crim. App. 2008). The writ of certiorari may be granted "in all cases where an inferior tribunal . . . has exceeded the jurisdiction conferred, or is acting illegally, when, in the judgment of the court, there is no other plain, speedy, or adequate remedy." Tenn. Code Ann. § 27-8-101. The trial court aptly addressed the Appellant's contentions on three separate occasions. There is no evidence that the trial court exceeded its jurisdiction or acted illegally because the Appellant's claim that he was found not guilty of the offense is not supported by the record. Accordingly, we conclude that there is no basis for treating this appeal as a petition for review by way of the writ of certiorari.

## CONCLUSION

Upon consideration of the foregoing and the record as a whole, we conclude that there is no basis for this court to entertain an appeal of the trial court's order denying the Appellant's motion to correct his judgment for possession of less than .5 grams of cocaine with the intent to sell or deliver. Accordingly, the appeal is dismissed.

_____
D. KELLY THOMAS, JR., JUDGE